2021 IL App (1st) 182296-U

No. 1-18-2296

Order filed March 31, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 15664 |
| | ) | |
| JASON HOLMAN, | ) | Honorable |
| | ) | Michael B. McHale, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's summary dismissal of defendant's postconviction petition is reversed where defendant raised an arguable claim that his waiver of his right to trial counsel was involuntary.

¶ 2    Defendant Jason Holman appeals from the summary dismissal of his *pro se* petition for post-conviction relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, defendant asserts his petition was erroneously dismissed because he raised an arguably meritorious claim that he involuntarily waived his right to counsel. Specifically,

he alleges that appointed counsel informed him that he was "[wasting] time by not pleading guilty and that if he wanted to go to trial, he should represent himself because the Public Defender's Office would not be able to help him."

¶ 3    On September 11, 2012, an Assistant Public Defender was appointed to represent defendant at his arraignment. On September 19, 2012, defendant advised the trial court that he "would like to exercise [his] right and go pro se." The court admonished defendant about his right to represent himself, his right to an attorney, the charges against him and sentencing range, including the potential for an extended term. Defendant indicated he understood, that he was a college graduate, and had previously represented himself but "didn't go completely through it * * * [and] turned [his] cases back over to Counsel." The court informed defendant that the Assistant State's Attorneys had "substantial training," that defendant would not receive any "special consideration" if he represented himself, that he would not have access to personal or contact information of witnesses, and that he would be better served if represented by an attorney. After "an opportunity to reflect on whether or not going pro se is what [he wanted] to do," the defendant elected to proceed *pro se*, and the Public Defender's Office was given leave to withdraw.

¶ 4    Following a bench trial, defendant was convicted of armed robbery and sentenced to 70 years' imprisonment, including a 15-year firearm enhancement. His conviction was affirmed on direct appeal. *People v. Holman*, 2016 IL App (1st) 140308-U.

¶ 5    On July 19, 2018, defendant filed a *pro se* post-conviction petition alleging that "[t]he trial court erred and manifestly abused its discretion when it allowed [him] to make an invalid waiver of his constitutional right to an effective assistance of trial counsel." Defendant argues his waiver of counsel was involuntary because "coercive comments by [the APD] compelled [him] to waive

his right to an assistance of trial counsel." He claims that after his arraignment, the APD told him "you are [wasting] time by pleading not guilty," and "the Public Defender's Office probably can't do much to help you." Defendant further alleges that the trial court erred in not posing "a single question or any line of inquiry as to why the petitioner wished to proceed pro se."

¶ 6    In an affidavit attached to his petition, defendant elaborated that the APD also told him "if you decide to go to trial you may as [well] represent yourself, because you won't win anyway and the Public Defender's Office probably can't do much to help you." Defendant was "so stunned" that he asked the APD if he was joking. When the APD responded "[i]f I wasn't sure I wouldn't say it," defendant "felt there was no other choice but to proceed *pro se*."

¶ 7    Defendant acknowledges that the trial court complied with Supreme Court Rule 401(a) before accepting his waiver of counsel, but argues "that does not exclude the possibility that [defendant's] waiver***was improperly induced by appointed counsel." "[D]escrib[ing] his legal claim***as an error by the court, rather than 'ineffective assistance of trial counsel' " should not bar his claim because a *pro se* petitioner is "not required to articulate the legal theory under which he should be granted relief." He is "only required to plead facts that *arguably* satisfy the elements of a legal theory for relief," a burden he has satisfied by pleading that his waiver of counsel was improperly induced by coercive statements of appointed counsel.

¶ 8    The State responds that "defendant waived his claim that trial counsel was ineffective for usurping his decision to waive counsel and proceed *pro se*, by failing to include this particular claim in his petition."

¶ 9    Although any claim of substantial denial of constitutional rights not raised in an original or amended postconviction petition is waived (725 ILCS 5/122-3 (West 2018)), the petition need

only present a limited amount of detail and need not set forth the claim in its entirety. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Allegations are liberally construed, but the petition must "nevertheless *clearly* set forth *the respects* in which petitioner's constitutional rights were violated." (Emphasis in original.) *People v. Reed*, 2014 IL App (1st) 122610, ¶ 57.

¶ 10    Defendant's petition, liberally construed, sets forth "the respects in which" his constitutional right to counsel was involuntarily waived. The petition, supported by defendant's affidavit, explains how the APD's coercive statements caused him to conclude "there was no other choice but to proceed *pro se*." Under these circumstances, we find that this claim is not forfeited. See *People v. Hodges*, 234 Ill. 2d 1, 21 (2009) (Declining to find that a *pro se* petitioner, who did not expressly allege in his petition that certain withheld testimony would support "unreasonable belief" for second degree murder, forfeited the issue where he argued the same testimony would have supported his self-defense claim); *People v. Warren*, 2016 IL App (1st) 090884-C, ¶¶ 137-40 (finding the defendant did not forfeit his claim of unreasonable assistance of postconviction counsel, where he alleged facts supporting the claim but did not articulate the legal theory in his petition).

¶ 11    The Act provides a three-stage method by which imprisoned persons may collaterally challenge their convictions for violations of federal or state constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2018); *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). Defendant's petition was dismissed at the first stage, where the trial court must independently review the petition, taking the allegations as true, and determine whether "the petition is frivolous or patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018); *Edwards*, 197 Ill. 2d at 244. A petition is frivolous or patently without merit if it has no arguable basis either in law or in fact and, instead, is based on a meritless

legal theory or fanciful factual allegations. *Hodges*, 234 Ill. 2d at 11-13, 16. "Meritless legal theories include ones completely contradicted by the record, while fanciful factual allegations may be 'fantastic or delusional.' " *People v. Allen*, 2015 IL 113135, ¶ 25 (citing *Hodges*, 234 Ill. 2d at 17).

¶ 12    In order to proceed to second stage review, a *pro se* petitioner need only set forth the gist of a constitutional claim. " '[W]hile a *pro se* petition is not expected to set forth a complete and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent. " *Hodges*, 234 Ill. 2d at 9 (quoting *People v. Delton*, 227 Ill. 2d 247, 254-55 (2008)). In determining whether a petition presents a valid claim for relief, "the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding," as well as any affidavits, records, or other evidence supporting its allegations. 725 ILCS 5/122-2; 122-2.1(c) (West 2018). Our review of the summary dismissal of defendant's petition is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 13    Under the sixth amendment of the United States Constitution, an accused has both the right to the assistance of counsel and the correlative right to proceed without counsel. *People v. Haynes*, 174 Ill. 2d 204, 235 (1996) (citing *Faretta v. California*, 422 U.S. 806, 833-34 (1975)). An accused may waive his constitutional right to counsel, as long as the waiver is voluntary, knowing, and intelligent. *Id.* "While a defendant in a criminal case does have a right to waive counsel when that waiver is knowingly and understandingly made [citation] it cannot appear that the waiver was induced or accompanied by improper conditions or provisions." *People v. Barker*, 15 Ill. App. 3d

104, 106 (1973) (finding the defendant's waiver of his right to counsel was coerced and involuntary where the State conditioned his plea agreement upon the waiver).

¶ 14 At the first stage of postconviction proceedings we are governed by the pleadings, not the trial record. See *Hodges*, 234 Ill. 2d at 10 (requiring the court to "tak[e] the allegations [in the petition] as true."). The only time we are to doubt the truth of the pleadings is where they are "completely contradicted by the record." *Allen*, 2015 IL 113135, ¶ 25; See *People v. Coleman*, 183 Ill. 2d 366, 385 (1998) ("fact-finding or credibility determinations * * * will be made at the evidentiary stage, not the dismissal stage of the litigation.").

¶ 15 Defendant's claim involves an off the record discussion with appointed counsel that could not have been raised on direct appeal. See *People v. Porter*, 164 Ill. 2d 400, 404 (1995) (noting the general rule that postconviction petitioners are barred from raising claims that could have been raised on direct appeal). As we recently noted in *People v. Estrada*, claims such as defendant's are in a class that are "likely *easiest* to corroborate (or disprove, if untrue). All it will take is an affidavit from trial counsel * * * or a few simple questions to counsel (if counsel is called as a third-stage witness) to corroborate or disprove" defendant's claim. 2021 IL App (1st) 170657-U, ¶ 30 (emphasis in original). We do not require petitioners who challenge their counsel's ineffectiveness to attach affidavits from counsel whose performance is at issue at the first stage. See *People v. Hall*, 217 Ill. 2d 324, 333 (2005) ("Failure to attach independent corroborating documentation * * * may, nonetheless, be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney.").

¶ 16 We take no position on defendant's ability to prove his allegations; however, we find that the petition sufficiently alleges the gist of a constitutional claim that defendant involuntarily waived his right to counsel. Accordingly, we reverse the order of the trial court dismissing the *pro se* postconviction petition and remand for second-stage postconviction proceedings under the Act.

¶ 17 Reversed and remanded.